**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Arvin Cruz Solangon,<br>Plaintiff(s),<br>v.<br>Midland Credit Management, Inc.,<br>Defendant(s). | Case No. 2:26-cv-02029-RFB-NJK<br>**Order**<br>[Docket Nos. 15, 16] |

Pending before the Court is Plaintiff's second motion for expedited early discovery, as well as a motion for a preservation order, which were filed on an emergency basis and apparently without notice to Defendant or the affected non-party. *See* Docket No. 15, 16.[1] On August 19, 2026, the Court denied Plaintiff's motion for expedited discovery, Docket No. 13, so the Court construes this filing as a motion for reconsideration.

"Reconsideration is an extraordinary remedy, to be used sparingly." *Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*, 245 F.R.D. 470, 472 (D. Nev. 2007) (citation and internal quotations omitted). The Local Rules provide the applicable standards in addressing whether the Court should reconsider an interlocutory order, indicating that reconsideration may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the Court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law. Local Rule 59-1(a).

Plaintiff has not shown that reconsideration is warranted. The Court previously ruled that, among other problems with Plaintiff's request, insufficient showing had been made that non-party T-Mobile may not preserve evidence. Docket No. 13 at 3. Plaintiff now represents that T-Mobile is required to maintain evidence for 18 months. Docket No. 15 at 1. Plaintiff argues by extension that there is a significant risk of lost evidence because "the violation timeline spans from October

[1] The Court liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

22, 2024." *Id.* Once again, Plaintiff does not sufficiently show a need for early discovery or a preservation order. The telephone calls identified in the complaint date back roughly two months from present. *See* Docket No. 8 at 2-3 (identifying telephone calls from June 25 to July 1, 2026, which Plaintiff alleges were made improperly following his cease and desist letter served on June 18, 2026). Hence, by Plaintiff's own recitation of the T-Mobile's retention requirements, the telephone information at the center of this case is already being preserved because it falls well within the 18-month retention window that he describes. The motion fails to show good cause for early discovery or a retention order and, by extension, does not establish a basis for reconsidering the prior order.

Accordingly, the Court **DENIES** Plaintiff's motion for reconsideration. Plaintiff is advised that ex parte motions are disfavored, *see* Docket No. 13 at 3, emergency motions are disfavored, *see* Local Rule 7-4(b), motions for reconsideration are disfavored, Local Rule 59-1(b), and requests for early discovery are outside the norm, Docket No. 13 at 2. The Court has now addressed Plaintiff's request on its merits twice, including today in expedited fashion. Plaintiff is again advised to avoid bringing repetitive motions, particularly those that are highly disfavored for many different reasons. *See, e.g.*, Docket No. 2 at 2.

IT IS SO ORDERED.

Dated: August 24, 2026

Nancy J. Koppe
United States Magistrate Judge