**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Arvin Cruz Solangon,

Plaintiff(s),

v.

Midland Credit Management, Inc.,

Defendant(s).

Case No. 2:26-cv-02029-RFB-NJK

**Order**

[Docket Nos. 61, 62]

Pending before the Court are Plaintiff's motions to conduct post-default discovery and for issuance of subpoenas. Docket Nos. 61, 62.[1] Defendant has not filed a response. The motions are properly resolved without a hearing. *See* Local Rule 78-1.

Although early in the proceedings, this case has gone off the rails. The Court is well aware that Plaintiff is eager to obtain discovery. As has already been explained in this case, Docket No. 13 at 1, the rule governing the start of discovery provides that discovery does not generally begin until "the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). Although Defendant filed an answer more than a month ago, *see* Docket No. 52, it does not appear that the parties have held their Rule 26(f) conference as required to open the discovery period. **Hence, there appears to be a simple solution if Plaintiff wants to start the discovery process and that is for him to hold the Rule 26(f) conference with defense counsel**. Moreover, Plaintiff's attempts to circumvent that requirement fail. First, Plaintiff references obtaining "post-default discovery." Docket No. 61 at 1. While Plaintiff has sought entry of default, however, a default has not been entered. Hence, the procedural posture does not warrant "post-default discovery." Second, Plaintiff references that the time to hold a Rule 26(f) conference has expired, *see id.* at 2, but the governing rule requires that the parties have actually "conferred as required by Rule 26(f)" for discovery to open, not that the time for having such conference has expired.

---

[1] The Court liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Accordingly, the Court **DENIES** Plaintiff's motions to conduct post-default discovery and for issuance of subpoenas.[2] As Defendant appeared more than 30 days ago, the parties must also promptly hold their Rule 26(f) conference and file a joint proposed discovery plan. *See* Local Rule 26-1(a).

IT IS SO ORDERED.

Dated: November 17, 2026

Nancy J. Koppe
United States Magistrate Judge

[2] In light of the rulings made above, the Court otherwise declines to opine on the merits of these motions. To be clear, there may be impediments to Plaintiff obtaining and serving subpoenas, *see, e.g.*, Docket No. 13 at 3 n.3 (explaining that Plaintiff's pauper status does not extend to issuance and service of subpoenas), but the Court will address such issues only if and when a procedurally proper request is made.